IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELTON TRUCK LINES, INC., and HENRY PERRY, JR., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 04-CV-263-JHP-SAJ |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, MOTOR TRANSPORT UNDERWRITERS, INC., and GULF INSURANCE COMPANY. | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| GULF INSURANCE COMPANY, | ) ) | |
| Third-Party Defendant. | ) | |

<u>ORDER</u>

Now before the court is Plaintiffs' Partial Motion for Summary Judgment(Dkt.#223). The instant case involves an insurance coverage dispute in which the Plaintiffs, Melton Truck Lines, Inc. ("Melton"), and Henry Perry, Jr. ("Perry"), have filed a Fourth Amended Complaint against Gulf Insurance Company ("Gulf"), Indemnity Insurance Company of North America ("IINA"), Motor Transport Underwriters, Inc. ("Motor Transport"), and Swett & Crawford of Texas, Inc. ("Swett & Crawford")[1]. Melton is an

---

[1] Swett & Crawford was dismissed from this case on February 1, 2006.

insured of both Gulf and IINA. Melton and Gulf entered into a motor carrier excess indemnity contract, and Melton and IINA entered into a commercial umbrella liability policy. Pursuant to its terms, the policy issued by IINA to Melton will not become effective until exhaustion of the self-insured rentions of Melton and the underlying coverage provided by Gulf take place.

Motor Transport acted as an insurance broker for Melton in obtaining the insurance contracts with Gulf and IINA. Swett & Crawford's predecessor provided notice of the underlying lawsuit to IINA and allegedly assisted Melton in obtaining the insurance contracts that Melton entered into with Gulf and IINA.

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby, Inc.</u>, <i>477 U.S. 242, 248 (1986).</i> An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. <u>Id</u>. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. <u>Gray v. Phillips Petroleum Co.</u>, 858 F.2d 610, 613 (10th Cir. 1988). In regard to the necessary burdens, however, the Supreme Court has instructed that:

> in cases like the instant one, where the nonmoving
> party will bear the burden of proof at trial on a
> dispositive issue, a summary judgment motion may
> properly be made in reliance solely on the
> "pleadings, depositions, answers to interrogatories,
> and admissions on file. Such a motion, whether
> or not accompanied by affidavits, will be "made
> and supported as provided in this rule,"and Rule
> 56(e) therefore requires the nonmoving party to go
> beyond the pleadings and by their own affidavits,

>     or by the "depositions, answer to interrogatories,
>     and admissions on file," designate "specific facts
>     showing that there is a genuine issue for trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex*, 477 U.S. at 323-24.

The record reveals that on February 18, 2000, Perry was driving a semi-tractor/trailer owned by Melton when he was involved in an accident in Illinois with another commercial truck driven by Dale Karr, Jr. ("Karr"). Karr sustained serious injuries and sued Melton and Perry in the United States District Court for the Central District of Illinois on February 4, 2002. Notice of the claim, or lawsuit, was allegedly provided to IINA on three separate occasions. On November 14, 2003, after a four day trial, a jury returned a verdict in favor of Karr in the amount of $14,650,000.

The claims in the Fourth Amended Complaint seek alleged damages as a result of the underlying verdict in favor of Karr. It is IINA's position, however, that Melton did not provide adequate notice of the claim at issue, thereby violating a condition precedent to coverage contained in Section IV of the policy. IINA has filed a Counterclaim against the Plaintiffs seeking reimbursement of the funds it incurred to settle Karr's judgment on behalf of the Plaintiffs, and with the acquiescence of Melton. IINA has also filed a Third Party Complaint against Gulf alleging that it failed to settle the claim within its policy limits when it had the opportunity to do so.

First, Plaintiff argues notice to IINA was timely and was provided to IINA on three different occasions. Specifically, Plaintiff contends notice was provided on April 22, 2004, October 8, 2003, and October 31, 2003. IINA concedes it received notice on

3

October 31, 2003, but claims Plaintiff has failed to prove IINA received the April 22, 2002 notice letter until November 5, 2003, or the October 8, 2003 fax.

The provision of notice to an insurer under an insurance contract is a condition precedent to coverage. *Assoc. of County Commnr's of Oklahoma v. National American Ins. Co.*, 116 P.3d 206, 211 (Okla. 2005). It is clear from the record before the court that a question of fact remains as to the timeliness of the notice provided to IINA. Further, pursuant to Oklahoma law, an insurer must also demonstrate prejudice from lack of notice. *Fox v. National Savings Insurance Co.*, 424 P.2d 19, 25 (1967). The issue of prejudice is also a matter which must be determined by the trier of fact.

Plaintiff next asserts IINA's settlement with Karr waives any coverage defenses. Plaintiff contends that "after sending Melton a reservation of rights letter, and after trial, and after repeatedly denying that it owed any coverage on this claim, IINA (along with Gulf) settled Karr's claim." (Plaintiff's Brief at 6). Plaintiff further alleges the settlement was made without any participation by Melton. IINA argues it has not waived any defense to coverage. To the contrary, IINA states that it did nothing which was inconsistent with its intention to rely on the requirements of the policy.

Under Oklahoma law, an insurer who settles an underlying claim on behalf the insured does not waive any of its coverage defenses. *Lester v. Sparks*, 583 P.2d 1097 (1978). The court finds, consistent with *Lester*, the payment under the IINA policy is distinct from the failure of the insured to comply with the notice condition of the IINA policy. As in *Lester*, two different portions of the policy are at issue, the notice condition and the "Coverage" provision. Further, the insured is not prejudiced by a requirement that the insured reimburse its insurer for settlement payments if there is no coverage. *Excess Underwriters at Lloyds v. Franks Casing Crew & Rental Tools*, 2005 WL 1252321. The insured is in the same position, or at least no worse position, than it would have been if

4

there had been no insurance policy. Id. "Reimbursement rights encourage insurers to settle cases even when coverage is in doubt. This inures to the benefit of the injured third parties ... The coverage dispute between an insured and its insurer can be resolved after the injured plaintiff is compensated." Id. Therefore, the court finds IINA's settlement with Karr did not constitute a waiver of alleged coverage defenses.

Additionally, IINA claims it reserved its rights to assert coverage defenses in a November 7, 2003, reservation of rights letter attached to the Plaintiff's Motion for Partial Summary Judgment as Exhibit 7. The letter specifically states:

> As a result of the policy provisions discussed herein which may become applicable as our investigation continues, IICNA hereby asserts its full and complete reservation of rights concerning these claims. Nothing contained herein, nor any further actions taken by IICNA, should be construed as a waiver of any rights or defenses, whether or not stated herein, which IICNA may possess under its policy and applicable law. It should be understood that any actions taken by IICNA, its agents, representatives or attorneys do not constitute and are not intended as a waiver of any rights or defenses available to IICNA whether or not stated herein that may be available now or at any point in time. . .

IINA specifically referenced Melton's alleged noncompliance with the notice provision of the policy and stated that this provision was a condition precedent to coverage.

Further, in addition to the November 7, 2003, reservation of rights letter, Mr. Robert Peterson, the president of Melton Truck Lines, executed a statement on April 5, 2004, in which Melton agreed that IINA has not waived its defenses in this case. The April 5, 2004, statement also stated that Melton would not claim, then or in the future, that IINA has waived its defenses in this case.

Finally, IINA claims Melton was involved in the settlement

discussions with the underlying plaintiff, which were held by the United States Circuit Court for the Seventh Circuit, and Plaintiff was informed of developments after the two settlement conferences with the Seventh Circuit.  IINA claims Melton has benefitted from the settlement as the $14,650,000 verdict was settled for $14,000,000 and $1,300,000 of post-judgment interest was avoided.

Plaintiff admits that Melton's representatives were present for the appellate settlement conferences; however, contend the case was not settled at the settlement conferences, rather, it was settled just before oral argument. The court finds Plaintiff participated in the settlement conferences, Plaintiff did not refuse to accept the benefits of the settlement, and Plaintiff has not objected to the settlement.

Accordingly, this court finds IINA did not waive any coverage defenses and Plaintiff's Motion for Partial Summary Judgment is denied.

James H. Payne
United States District Judge
Northern District of Oklahoma

6